Chaney *v.* Bryan.

NANCY CHANEY *v.* A. C. BRYAN *et al.*

1. HUSBAND AND WIFE. *Decree for divorce.* If a decree of divorce, granted by the courts of another State, is relied on in this State in bar of the rights of the wife or widow, she may contest the validity of the same by showing the want of some jurisdictional fact, although in contradiction of the recitals of the record.

2. SAME. *Deed of separation. Void When.* A deed of separation between husband and wife, and settlement of property by the husband on the wife during coverture, acted on by all parties until the husband's death, is void at the election of the wife; but if she elect to avoid the settlement it becomes void as to the husband, and she must account for the property conveyed which was not expended for her support and maintenance during the coverture.

3. SAME. *Same. Same.* The property must be accounted for to the husband's estate for the benefit of whom it may concern, and a devisee of the husband may require such an account as well as the heir.

4. DOWER. *Same.* A widow residing in another State, who seeks dower of land in this State devised by the will of her husband, and who is required to account under a deed of separation and settlement for property of far more value than the dower, cannot recover dower if she admits that she has parted with the property, and cannot account for it.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner county. Jo. C. STARK, J.

B. F. ALLEN and J. J. TURNER for Chaney.

C. R. & LEE HEAD and W. H. MULLIGAN for Bryan.

COOPER, J., delivered the opinion of the court.

H. M. Chaney intermarried with the complainant, Nancy, in 1834, and lived with her in Kentucky until

1870, having by her several children. On December 31, 1870, H. M. Chaney, in consideration, among other things, of a deed or agreement of separation between him and his wife, conveyed to her the tract of land on which they lived, shown to be worth about eight thousand dollars, during her natural life, and then to go to her children. On the same day, and as a part of the same transaction, the husband on the one part, and the wife and Robert Chaney, one of her children, as, her trustee, on the other part, entered into what they call a "deed of release and separation," which was signed by her and her son, duly acknowledged by her before the clerk of the county court of the county in which they resided, and recorded in his office. By this instrument, she and her trustee "release forever, all claim of the said Nancy Chaney to all the other landed estate and personal property of the said Hillary (H. M. Chaney), whatever, hereby fully surrendering all her potential right to the same unto him the said Hillary forever." The instrument further provides for a perpetual separation of the principal contracting parties. Shortly afterward, H. M. Chaney went to the State of Indiana, and by a petition filed against his wife in the month of June, 1871, promptly during the next month, obtained a divorce. Afterward, in September of the same year, he came to Sumner county in this State, bringing with him another woman, whom he introduced as his wife, and bought a farm for nine thousand dollars cash, now shown to be worth about seven thousand five hundred dollars, on which he continued to reside.

The woman he had passed as his wife left him, and he wrote to his niece, Sallie Bryan, the wife of the defendant, A. C. Bryan, then living in the State of Indiana, proposing that if she would come and take care of him, he would give her the Sumner farm at his death. She and her husband did come, and took charge of him until his death, on January 23, 1876. Afterward, they caused an instrument in writing to be propounded as the holographic will of H. M. Chaney, which purported to devise the farm to Sallie Bryan. The probate was contested in the circuit court of Sumner county, and, after several trials a verdict was found in favor of the will, and judgment rendered thereon. This judgment was affirmed by this court at the present term. In the meantime, on August 5, 1880, Sallie Bryan died, leaving her surviving, her husband and one son by him. On November 23, 1880, the present bill was filed by Nancy Chaney to have dower allotted to her in the Sumner county land. As the bill comes before us it is filed against A. C. Bryan and son, and the personal representative of H. M. Chaney. Bryan and son set up in defense the Indiana divorce, and the deed of release and separation, with the accompanying conveyance. Upon final hearing, the chancellor held the decree of divorce to be fraudulent and void, and gave the complainant dower in the land. The Referees, or rather a majority of them, report in favor of affirmance. The defendants except.

There can be no doubt that when a decree of divorce, granted by the courts of another State, is

relied upon in this State in bar of the rights of the wife or widow, she may contest the validity of the same by showing the want of some jurisdictional fact, although the record show or recite the existence of the fact: *Gettys* v. *Gettys*, 3 Lea, 260. We concur with the chancellor and the Referees in the conclusion that the proof clearly demonstrates that H. M. Chaney was not a resident of the State of Indiana for twelve months next preceding the filing of his petition for divorce, and that there was no personal service of process upon the wife under the petition. The decree of divorce was, therefore, void.

It is suggested by the counsel of defendant that the deed of release and separation was valid under the laws of Kentucky, but no statute or decision has been produced tending to sustain the contention. But the Referees all concur in finding that, by the rulings in this State, the deed of release and separation, with the accompanying conveyance of the husband of his farm to the wife and children, would be void as to the wife at her election, but if she elect to take dower and a distributive share of the husband's estate, she must account for the property conveyed in the deed which was not expended for her support and maintenance during the coverture. *Watkins* v. *Watkins*, 7 Yer., 283; *Parham* v. *Parham*, 6 Hum., 287. But a majority of the Referees thought the widow could only be made to account by her husband's heirs, not by his devisees. In both of the cases cited the husband seems to have died intestate, and the accounting of the widow enured to the benefit of the heirs. But

the principle of the decisions is that the widow must account for the benefit of the husband's estate without reference to the parties who might be interested in its assets. If the husband were to make a will, in such a case, giving his estate to a part of his children, or to all of them in different proportions, it would scarcely be contended that the widow would not be required to account, merely because the children claimed as devisees, not as heirs. No reason is suggested by the majority of the Referees, nor has any occurred to us, why persons claiming as legatees or devisees of the husband should stand in a different position from the heirs. Even a creditor would have a right to say to the widow, if you have a right to elect between two funds to one of which I have a claim, and you elect to take my fund, you must allow me to be subrogated to so much of the other fund as I would have been entitled to receive from the fund you have taken.

If, therefore, the complainant elects to take dower in the land of the defendants, she should account to them for so much of her life estate in the Kentucky land as would be equivalent in value to the dower estate thus taken. A life estate in land worth eight thousand dollars is worth far more than dower of one-third of land worth seven thousand five hundred dollars. We can see, therefore, that to allow dower, and require the widow to account for its value in the other land in which she has a life estate, would be a useless circumlocution. Moreover, the complainant says she has disposed of her estate in the Kentucky

land by gift to her children. It does not appear how or when she made the disposition. But her admission is sufficient to render it necessary for her, before she can deprive the defendants of the benefit of her husband's bounty, to show that she is in a condition to re-imburse them for the loss by producing and tendering the necessary conveyances. The parties claiming under her are non-residents of the State, and cannot be brought before the court by the defendants, nor even by the complainant *in invitum*, to enable the courts of this State to make a decree binding upon them. We can see, moreover, as said above, that anything the complainant could do, under the circumstances, would be a useless circumlocution, and that she has already made her election to abide by her husband's gift to the extent of the dower interest now sought. She has left us no option except to dismiss her bill.

The report of the Referees will be set aside, the decree of the chancellor reversed, and the bill dismissed with the costs of the cause.